STATE OF NEBRASKA V. WILLIAM L. BISHOP.

FILED JULY 8, 1932. No. 28075.

C. A. Sorensen, Attorney General, Clifford L. Rein, L. Ross Newkirk and Fred H. Richards, for plaintiff in error.

John P. Corbett, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

William L. Bishop was complained against in the district court for Dodge county and there charged with unlawfully having in his possession, on or about April 11, 1931, sixty-nine pints of beer, or a quantity alleged to have been more than reasonably sufficient for his own personal needs. · It is charged by the state that the liquor in question here was held by the defendant for unlawful disposition and that such liquor was acquired after May 1, 1917, when the prohibitory law went into effect. The action was tried to a jury and, pursuant to the court's instructions, a verdict was returned finding the defendant not guilty. The record has been brought here upon the exceptions of the state to the rulings of the trial court, pursuant to the provisions of section 29-2314, Comp. St. 1929, solely for a determination of the law to govern in any similar case now pending or that may hereafter arise.

Section 53-111, Comp. St. 1929, contains the following provision:

"Any person may purchase and keep in his possession ethyl alcohol treated as required by this act so as to be.

unfit for use as a beverage. It shall be unlawful for any person to have, possess or permit any intoxicating liquor to be in, upon or about any room, office, building or in any other place except in such person's private dwelling-house, and except when and where and in the manner especially authorized as herein otherwise provided; and no person shall keep or possess intoxicating liquor in his private dwelling-house in an amount more than is reasonably sufficient for his personal use and needs: Provided, however, that in any action brought under the provisions of this act, or based upon complaint of any violation thereof, or in any civil action growing out of any such actions, the possession, in and of itself, of any intoxicating liquor, including the possession of raw whiskey, commonly called 'moon shine,' in a private dwelling-house by the person against whom the violation of the act is charged, shall constitute *prima facie* evidence that such liquor was kept by such person with the purpose of unlawful sale, use or disposition in violation of law."

Pursuant to the plain and unmistakable language of the statute, we are compelled to adopt the view that the foregoing section provides that a person may have in his private dwelling-house an amount of liquor "reasonably sufficient for his personal use and needs."

The state contends, however, that the right to keep a reasonable quantity of intoxicating liquor in a private dwelling-house for personal use does not imply any lawful means for obtaining possession thereof, and that the privilege of possessing a reasonable amount is limited to that intoxicating liquor acquired before the prohibitory law became effective.

The court instructed the jury that the date of the manufacture of the liquor was immaterial and had no bearing on the guilt or innocence of the defendant. And the jury were also instructed that the defendant had a legal right, under the act, to keep or possess intoxicating liquor in his private dwelling-house in an amount reasonably sufficient for his personal use and needs and that

"the only issue in this case bearing on the guilt or innocence of the defendant is as to the reasonableness of the amount."

In this respect, there is evidence tending to prove that a single can of malt is sufficient to make the amount of beer possessed by the defendant and that it would be impracticable to make a less quantity. It is admitted that the state chemist, were he called, would have testified that the beer was intoxicating liquor. And the evidence establishes, and it is admitted in the brief of the state, that the beer was not in a greater quantity than was reasonably sufficient for the defendant's personal use and needs.

The statute in question contains no provision that the liquor, to be lawfully possessed in a private dwelling-house, must be liquor that was manufactured prior to May 1, 1917, and we do not think the court erred in refusing to so instruct the jury. The statute was adopted in 1917 and, since that time, other legislatures have had an opportunity but no change has been made in respect of the date when liquor, to be lawfully possessed in a private dwelling-house, must have been obtained. And when the language of a statute is clear and unambiguous, courts will not by construction usurp the function of the law-making body and give it a meaning not intended or expressed by the legislature.

It is contended that the court erred in refusing to instruct the jury that the possession of the beer in question was presumptively for an unlawful purpose unless the defendant "has satisfactorily accounted for and explained the possession thereof and that it was not kept for an unlawful purpose." We find no error in the court's ruling, for the reason that no attempt was made by the state to show that the liquor was kept for an unlawful purpose. The evidence stands uncontradicted that the defendant intended the liquor for his own personal use and, to a certain extent, as a laxative.

Upon an examination of the evidence and the law applicable thereto, we conclude that one may not be convicted of illegal possession of intoxicating liquor, who has in his private dwelling-house intoxicating liquor for his own personal use and needs only, and in amount no more than reasonably sufficient for such purposes, regardless of when such liquor was manufactured.

EXCEPTIONS OVERRULED.

PAINE, J., concurring.

In concurring in the opinion adopted by the members of this court, I desire to state briefly certain additional facts.

In a sentence, the opinion holds that, under the present law, one cannot be convicted of illegal possession of intoxicating liquors who has in his dwelling-house an amount no more than reasonably sufficient for his own personal use.

When, by a large majority, the people of Nebraska voted dry, an amendment to our Constitution was adopted, reading as follows: "On and after May 1, 1917, the manufacture, the sale, the keeping for sale or barter, the sale or barter, under any pretext, of malt, spirituous, vinous or other intoxicating liquors, are forever prohibited in this state, except for medicinal, scientific or mechanical, or sacramental purposes."

This amendment was adopted in 1916 by popular initiative, and became section 10, art. XV of the Nebraska Constitution, and clearly exempts intoxicants used exclusively for medicinal, mechanical, scientific, or sacramental purposes, which four definite uses are not involved in the case on trial. It may be pointed out that this amendment does not prohibit the possession in the home of intoxicating liquors, because our prohibitory laws from the first recognized a person's right to possess in his private dwelling-house, for his own personal use, a reasonable amount of intoxicating liquors, because, at the moment the amendment took effect, many citizens had in their homes intoxicants which had been lawfully purchased and stored there before the law took effect.

In our federal laws in reference to such liquor, after providing for the possession of such liquor, it adds: "And the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." Mason's U. S. Code, 1926, title 27, ch. 2, sec. 50.

Discussing this section of the national prohibition act, Thorpe, in his textbook, "Prohibition and Industrial Liquor," section 1072, says: "As the possession of intoxicating liquor is not prohibited *eo nomine* by the Eighteenth Amendment, it cannot be said that the possession of intoxicating liquor is absolutely prohibited by the enforcement act. This section merely indicates the significance of possession."

Now, in the case at bar, the complaint filed by the county attorney of Dodge county against this defendant was limited solely to and charges only the illegal possession of intoxicating liquor in his dwelling-house, and in section 53-111, Comp. St. 1929, set out in the main opinion, illegal possession in one's private dwelling-house is limited by this clause, "and no person shall keep or possess intoxicating liquor in his private dwelling-house in an amount more than is reasonably sufficient for his personal use and needs;" so that, as the county attorney had limited his complaint solely to the question of possession, the court in the main opinion has held that the district court did not err in limiting the jury to the consideration of whether the amount the defendant had in his dwelling-house was reasonably sufficient for his personal use and needs. When the jury had found him not guilty under these instructions, if the county attorney had immediately filed a complaint against this same defendant for the manufacture of this same liquor, which the defendant admitted making in his home within 24 hours of his arrest, the defendant could scarcely have been allowed to escape on a plea of former jeopardy, because the question of manufacture was not before the trial court, or this court, under this complaint. In *McLaughlin v. State*, 104

Neb. 392, this court held that the right to keep a reasonable quantity of intoxicating liquors in one's private dwelling-house for personal use does not imply any lawful means for obtaining possession of liquor after such act went into effect.