FRED TRUKA, APPELLANT, V. ROY McDONALD, APPELLEE.

FILED NOVEMBER 9, 1934. No. 29340.

*Hall, Cline & Williams*, for appellant.

*Arthur J. Denney*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

DAY, J.

This is a compensation case.

Roy McDonald was employed as a repair man in a garage by Fred Truka. The parties are mentioned as employer and employee to avoid confusion. In the course of his employment, McDonald slipped and fell while lifting· a tractor radiator, which fell on his back causing injuries ʻto his spine and sacro-iliac region. Compensation was paid for a period of ten weeks. At that time, all parties were of the opinion that the disability would soon end. Subsequently, the employee filed a petition for additional compensation and medical benefits. This was resisted by the employer on the claim that the present disability is due, not to the accident, but to an infectious disease contracted after recovery from the accident. The compensation commissioner made an award of additional compensation. The employer, dissatisfied with the award, filed his petition on appeal to the district court for Jefferson county, which entered a judgment for the same amount of compensation as the award of the commissioner. The employer then appealed to this court.

The cause of the disability is a question of fact to be determined from the evidence. McDonald was injured March 10, 1933, and settled the compensation claim June 28. He was unable to work at that time, but thought he would soon recover. Until that time, he had been treated exclusively by Dr. D. O. Hughes. Later, August 31, 1933, he consulted Dr. I. N. Morgan, an osteopath. Dr. Hughes treated McDonald for about two weeks after the injury. He called upon Dr. Hughes May 4, May 29, August 8, August 16, and September 15, at which times the doctor retaped him. At no time was the employee able to return to his work as repair man in the garage. From August 31 he was taking regular treatments from Dr. Morgan. About October 15 Dr. Morgan discovered that McDonald had an

infectious disease as well as the injury from the accident. Dr. Hughes examined him about October 30 and found this condition.

As contended by appellant (employer), the burden of proof is upon the employee to establish that his disability was caused by an accident arising out of and in the course of his employment. *Mullen v. City of Hastings*, 125 Neb. 172. Is the disability here the result of the accident? McDonald was injured in the course of his employment and was never able to work thereafter. Unfortunately, he was thereafter found to have an infectious disease. The testimony of the expert witnesses is in conflict. One testifying for the employee states that the infection does not contribute to the disability. The witnesses for the employer testify that McDonald has some disability attributable to the injury and that the arthritis at the place of the injury adds to the disability. The conflict in the evidence arises over the amount of the disability due to the infectious disease. Aside from the expert testimony, the fact is abundantly established that there was a serious injury in an accident arising out of the employment and that the employee has been disabled continuously since. In addition, the tonsils are also now affected, which earlier examinations by medical witnesses did not disclose. It is our conclusion that the employee has established that the disability was caused by the injury and is one compensable under the provisions of the workmen's compensation statutes.

While this court is required to try compensation cases *de novo* (Comp. St. 1929, sec. 48-137; *Travelers Ins. Co. v. Ohler*, 119 Neb. 121), still the finding of the trial judge is entitled to consideration where the finding is based upon the testimony of witnesses orally examined before the court (*Shafer v. Beatrice State Bank*, 99 Neb. 317; *Peterson v. Winkelmann*, 114 Neb. 714).

The trial court did not make an allowance for medical services rendered by Dr. Morgan. None is made here. It is debatable whether the employee was justified in secur-

ing medical services other than those provided by the employer. However, much of the service was for treatment for an infection which was unrelated to the accident.

Finally, the appellant insists that the award is erroneously computed. This court finds, as did the trial judge, that plaintiff's disability was temporary total for 10 weeks and then permanent partial. Computed under subdivision 2, sec. 48-121, Comp. St. 1929, he was entitled to 66 2/3 per centum of the difference between the wages received at the time of the injury ($16) and his earning power thereafter. This would be 66 2/3 per centum of $8, or $5.33 a week for 300 weeks, less the 10 weeks of temporary total disability. The judgment of the trial court followed the award of the compensation commissioner in this erroneous calculation of compensation. Since the employer was entitled to a reduction in the district court, the award of an attorney fee was erroneous. Comp. St. 1929, sec. 48-125. The judgment of the trial court is modified in that the compensation allowed is $5.33 a week for 300 weeks from date of injury, less 10 weeks, during which the employee's disability was temporary total, and no allowance is made for attorney fees, because the employer secured a reduction in the amount of the award. As modified, the judgment is

AFFIRMED.

PAINE, J., dissenting.

The accident sustained by the employee March 10, 1933, consisted of a strained back from lifting a tractor radiator, prior to which time he could perform any kind of labor, and was in good physical condition. It was five days after the accident before he went to Dr. D. O. Hughes, who taped up his back several times, and on May 29 released him to go back to work. On October 30, 1933, he went back to Dr. Hughes, who made a very complete physical examination, found he had lost some 18 pounds in weight, that he had a badly infected throat, one infected tooth, and that he had syphilis, the test showing four-plus Wassermann. Dr. John C. Thompson testified, from an examination made January 17, 1934, that when a syphilitic

infection is grafted onto an injury in the back it is a very definite factor in the production of distress, pain and disability. He estimated the employee's disability at only 25 per cent., which in his opinion would be reduced one-half by proper treatment of focal infection and the syphilis.

The employee claimed that he did not have syphilis at the time he was injured, but he did have it some seven months after the accident, and at the time of the trial he was suffering from a virulent form of it, which had not yielded to treatment. The question at once arises whether an employer should be charged with a disease that was not in any way the result of the accident. This court has held that, when an injury combines with a preexisting heart disease to produce a disability, then the resulting injury is not wholly caused by accident. *Gilkeson v. Northern Gas Engineering Co.*, 127 Neb. 124. See, also, *McCoy v. Michigan Screw Co.*, 180 Mich. 454.

In *Bunge Bros. Coal Co. v. Industrial Commission*, 306 Ill. 582, it was held that an employee could only recover for such disability as was caused solely by the accident, and not for that part caused by gonorrhea, contracted after the accident.

The employee is suffering a disability the larger per cent. of which is due to the disease which he contracted some months after the accident. This is an intervening cause, not due in any way to his accident, and therefore not chargeable to his employer, and in my opinion the recovery is very much in excess of what it should be.