ANNA SHAMP, APPELLANT, v. LANDY CLARK COMPANY, APPELLEE.

277 N. W. 802

FILED FEBRUARY 18, 1938. No. 30301.

*William Niklaus* and *Albert P. Schwarz*, for appellant.

*Hall, Cline & Williams* and *Flavel A. Wright, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

This is an action wherein the plaintiff and appellant seeks to recover compensation on account of the death of her husband, Ole Shamp, from the Landy Clark Company, a corporation, defendant and appellee, under the workmen's compensation law of the state of Nebraska. The action was originally and properly instituted in the compensation court of the state in Lincoln, Lancaster county, Nebraska. A trial was had before a judge of the compensation court and in due and proper form after trial an award of compensation was made in favor of appellant herein and against appellee.

After the award was made, and within the time provided by law, the appellee performed all necessary steps for appeal and filed a waiver of rehearing before the compensation court, whereupon an appeal was taken directly to the district court for Lancaster county, Nebraska, said county being the one in which the claimed cause of action and right of recovery arose.

Upon the filing of the statutory petition for appeal to the district court in compensation cases by the appellee herein, the appellant herein filed objections to the jurisdiction of the district court, wherein it was asserted that

the district court had no power to entertain the appeal since there was no stipulation which was concurred in by appellant waiving the right to have the case reheard by the workmen's compensation court and consenting to a trial *de novo* in the district court. The objection was overruled by the district court, whereupon issues were joined. The appellant preserved her objections in her further pleadings.

On the issues joined a trial *de novo* was had in the district court which resulted in a denial of a right of recovery by the appellant against the appellee and findings and judgment, proper in form, against appellant and in favor of appellee. From this judgment the appellant brings the case to this court for review.

The facts, to the extent that it is. necessary to state them, are substantially as follows: On December 3, 1935, Ole Shamp, a man of the age of 49 years, the husband of appellant, was employed by the appellee to haul coal from the yards of appellee to its customers at a daily wage of $3. He worked the 3d and 4th days of December. Late on the afternoon of the 4th he loaded three tons of coal on the truck he was then using and operating and drove from the yards of appellee which were located at Thirty-third and Y streets in Lincoln, Nebraska, to 1830 L street in said city. After the load of coal had been partly unloaded, a woman was passing 1830 L street and was attracted by sounds coming from the truck. On investigation Ole Shamp was found crumpled up and lying upor the coal which remained in the truck. Apparently, from the record, within a few minutes and without regaining consciousness Shamp died. The record indicates that none of the acts or movements of Shamp was observed by any one from the time he left the coal-yard of appellee until after he had collapsed in the truck as above indicated. The body was removed to an undertaking establishment where it was embalmed, and thereafter on the 6th of December, 1935, an autopsy was conducted upon the body by Doctor George W. Covey. The autopsy was conducted in the presence of Doctor Edwin R. Ryerson.

The record presents four assignments of error, but only two of them require consideration.

Appellant contends in her first assignment that the court erred in overruling plaintiff's motion to dismiss defendant's petition on appeal and application for rehearing. In other words, it is the contention of appellant that the district court was without jurisdiction to entertain an appeal direct to the district court from a judge of the workmen's compensation court without the consent of the appellant. This requires an examination of certain provisions of the workmen's compensation statutes.

Section 48-174, Comp. St. Supp. 1935, contains the provisions which control the matters under consideration herein, and the portions applicable are as follows: "(4) At the expiration of the time fixed for filing the answer the court shall assign one of the judges of said court to hear the cause and make such findings, and such orders, awards or judgments as said court or judge is authorized by law to make, and such findings, orders, awards and judgments shall be signed by the judge before whom such proceedings were had. * * * (5) Either party at interest who refuses to accept the findings, order, award or judgment of the said judge may, within fourteen days after the date thereof, file with the said court an application for a rehearing, plainly stating the errors on which such party relies for reversal or modification. * * * Provided, however, that in any case the employer or the injured employee, or his dependents, as the case may be, may waive rehearing before the compensation court and in such case any appeal shall be directly to the district court of the county in which the accident occurred; provided, however, upon the written stipulation of the parties in the case the matter may be submitted to the district court of any county in the state."

The appellant contends that a proper construction of the above-quoted statutory provisions requires a stipulation of the parties before a rehearing may be had in the district court. An analysis will show that this contention is baseless. The language is clear and unambiguous and by

context and punctuation the stipulation referred to deals only with the locus of the trial after proceedings are pending in the district court. This court has repeatedly held: "When the language of a statute is clear and unambiguous, courts will not by construction usurp the function of the law-making body and give it a meaning not intended or expressed by the legislature." *State v. Bishop,* 123 Neb. 481, 243 N. W. 658. See *State v. First State Bank of Alliance,* 122 Neb. 502, 240 N. W. 747; *Gibson v. Peterson,* 118 Neb. 218, 224 N. W. 272; *State v. Heupel,* 114 Neb. 797, 210 N. W. 275. The fair purport of the language is that, after there has been a proper waiver of rehearing before the workmen's compensation court and an appeal has been taken to the district court, then by stipulation of the parties the case may be submitted to the district court of any county in the state.

It is urged by appellant that an appeal may not be taken to the district court from an award of a single member of the workmen's compensation court unless the right to a rehearing before the full compensation court is waived by both parties. As authority she cites *City of Lincoln v. Nebraska Workmen's Compensation Court,* 133 Neb. 225, 274 N. W. 576. The particular language which it is necessary to construe is the following: "Provided, however, that in any case the employer or the injured employee, or his dependents, as the case may be, may waive rehearing before the compensation court and in such case any appeal shall be directly to the district court of the county in which the accident occurred." It will be noted the language clearly states that either party, "as the case may be, may waive rehearing before the compensation court," and that there is no joinder of waiver required.

It appears then that the inescapable meaning of this language is, and the evident intent of the legislature was, that when a hearing was had before a judge of the compensation court and a party thereto desired a rehearing, he had in the first instance the right to a rehearing before the compensation court, but he likewise had a right to

waive such rehearing, whereupon he was entitled to an appeal directly to the district court. The statute clearly indicates that waiver by but one party is necessary. If there had been any other intent, the conjunction "and" instead of "or" would have been employed. If a waiver is required by only one party, then logic and reason could point only to the party seeking the rehearing as the one required to waive rehearing before the compensation court. In this case appellant did not seek a rehearing and did not join in the requested rehearing of the appellee.

The case of *City of Lincoln v. Workmen's Compensation Court, supra,* is not authority upon any of the fundamental propositions in this case and the views herein expressed do not in any wise conflict with any of its holdings. The facts of that case were briefly as follows: One Ben Swadley instituted action in the workmen's compensation court against the city of Lincoln. A hearing was had before one of the judges in which findings and judgment were rendered in favor of Swadley, but not to the extent prayed for. He filed a due and regular application for a rehearing before the full compensation court. Subsequently the city of Lincoln waived a rehearing before the compensation court and took an appeal direct to the district court. Thereafter the city instituted an action in the district court in the nature of prohibition, the object and purpose of which was to prevent the compensation court from proceeding with the rehearing. The prayer of the city of Lincoln was denied, and the court said: "The right of either party to compensation proceeding to refuse to accept judgment of single judge and to secure rehearing by entire compensation court is paramount to and exclusive of right of appeal to district court from such original decision." (274 N. W. 576.) This language is not broad enough to admit of the construction that a party who does accept the judgment of a single judge of the compensation court has the right to insist upon a rehearing before the full compensation court.

It is therefore our conclusion that in case of a hearing

before a judge of the compensation court, where findings and judgment are rendered and one party accepts such findings and judgment and the other does not, and, in accordance with law, waives a rehearing before the compensation court, such party may have an appeal directly to the district court.

Having now determined the question of the right of appeal in this case adversely to the appellant, it becomes necessary to determine the question of whether or not the court erred in its finding and judgment on the merits, by which findings and judgment it was determined that Ole Shamp came to his death by reason of heart disease, rather than by accident arising out of and in the course of his employment.

The evidence is clear and without dispute that, if there was an accident, it was not seen by any witness, and if there was an accident, it must be inferred from the fact that Shamp was found in collapse in the truck and from the post mortem findings of the autopsy examiners.

The position or superficial condition of the body presents nothing of evidentiary value on this question. The doctors called by appellant and appellee are in substantial agreement as to the post mortem findings. They agree that the cause of death was aortic stenosis, with left ventricular dilatation and hypertrophy and sudden myocardial failure. The only difference is that appellant's doctor uses the term "acute" ventricular dilatation. Aortic stenosis is a narrowing of the valve leading from the left ventricle of the heart into the aorta, and according to Dr. Edwin R. Ryerson, a physician called by appellant, might be caused by inflammation, calcification or sclerosis or hardening of the blood vessels. The same witness stated that this was a case of calcification with the three leaves of the aortic valve stuck together to some extent, and that the condition had been developing over a long period of time. Hypertrophy is described as enlargement of the heart muscle due to increased exercise. By left ventricular dilatation is meant "enlarged and dilated," and in this case it

resulted from the fact that the blood was unable to pass from the left ventricle into the aorta fast enough.

In an analysis of the post mortem findings, Dr. Ryerson, appellant's physician, was permitted to testify to a number of possible causes which might have resulted in the disclosed findings, but none of these went beyond conjecture. He has summed up his conclusions in an answer to a question by the court appearing at the bottom of page 53 of the bill of exceptions, as follows: "It is a condition that causes death and the condition he had causes death, sudden death, and we know that that condition develops from some unusual experience or an overload on the heart, as in this case, that it is called upon to function, it couldn't do it, it failed, just simply couldn't carry the load and the man died because the heart could not function as it should." This is a fair summary of the evidence most favorable to appellant, upon which the trial court was required to find, if it was required to so find, that Ole Shamp came to his death as the result of accident sustained in the course of his employment.

The word "accident" as used in compensation cases is defined by statute and the definition has been approved by this court, and as so defined is an unexpected or unforeseen event happening suddenly and violently with or without human fault and producing at the time objective symptoms of injury. Comp. St. 1929, sec. 48-152, as amended by section 42, ch. 57, Laws 1935; *Lang v. Gage County Electric Co.*, 133 Neb. 388, 275 N. W. 462.

The death of Ole Shamp was unsuspected and unforeseen and happened suddenly, but there is a lack of evidence from which it may properly be inferred that there was any violence, within the meaning of the law, connected with the death. It follows necessarily that, where any one or more of the essential elements of an accident is absent, there can be no recovery for accidental injury or death under the workmen's compensation statutes.

In recent cases this court followed the long-established rule that the burden of proof in compensation cases is

upon the claimant to show with reasonable certainty that the employee sustained injury or death from an accident which arose out of and in the course of employment. *Amos v. Village of Bradshaw,* 128 Neb. 514, 259 N. W. 374. This burden appellant has not sustained in this case.

The record herein discloses no act or event, either directly or inferentially, which would tend to disclose anything which occurred from the time Shamp left the coalyard until he was found crumpled upon the portion of the load of coal he was unloading. Within the meaning of the law, all of these things remain a mystery. This court has laid down and followed the rule: "When an employee dies suddenly and mysteriously while engaged in his work, the burden of proof that his death was an accident arising out of his employment rests upon the claimant for compensation, and such proof must amount to something more than mere guess." *Mullen v. City of Hastings,* 125 Neb. 172, 249 N. W. 560.

There is no evidence in the record to indicate that Ole Shamp did not come to his death during ordinary exertion required of him to perform his work in the ordinary manner. The rule, then, to be applied is that an injury or death is not compensable as an accident under the compensation act when sustained during the ordinary exertion required to perform the employee's duties in the ordinary and normal manner. *Gilkeson v. Northern Gas Engineering Co.,* 127 Neb. 124, 254 N. W. 714.

We conclude that the judgment of the district court was correct and it is

AFFIRMED.