EUGENE F. FITZGERALD, APPELLANT, V. HERMAN E.
KUPPINGER, ELECTION COMMISSIONER OF DOUGLAS COUNTY,
NEBRASKA, ET AL., APPELLEES.

79 N. W. 2d 547

Filed December 3, 1956.    No. 34108.

*August Ross, Norman Denenberg,* and *Robert C. Mc-Gowan,* for appellant.

*Swarr, May, Royce, Smith & Story, Alfred E. May, Gaines, Spittler & Gaines,* and *John T. Grant,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Eugene F. Fitzgerald, plaintiff and appellant, who has in his petition designated himself petitioner, against Herman E. Kuppinger, election commissioner of Douglas County, Nebraska, Joseph R. Moore, and Thomas P. Kelley, defendants and appellees, the primary purpose of which is to determine whether or not the plaintiff shall be the county attorney of Douglas County, Nebraska, on January 3, 1957, and so remain until January 8, 1959.

The defendants Moore and Kelley filed separate answers to the petition of the plaintiff and Moore also filed a cross-petition. As to them nothing need be said except that they joined issue on the question of whether

or not the plaintiff would be and remain the county attorney from January 3, 1957, to January 8, 1959.

The case was tried to the court and a judgment was duly rendered wherein the relief prayed by plaintiff was denied. A motion for new trial was duly filed and overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The basic facts in the case are not in dispute. In the year 1954 the plaintiff became the duly elected county attorney of Douglas County, Nebraska, for the term beginning in January 1955 and ending January 8, 1959. On February 8, 1956, while acting as county attorney, he duly perfected his filing for nomination for the office of judge of the district court of the Fourth Judicial District of Nebraska, which is an elective office. By this filing he became a candidate to be voted upon at the primary election on May 15, 1956.

Thereafter the defendants Joseph R. Moore and Thomas P. Kelley, and two others, filed as candidates for nomination for the office of county attorney subject also to the primary election to be held on May 15, 1956. The theory of these filings was that the effect of the filing by the plaintiff for the office of judge of the district court was to vacate the office of county attorney as of January 3, 1957. At the primary election Moore and Kelley became the nominees of their respective parties for the office of county attorney and accordingly were given due notice of nomination by the election commissioner.

The filings of Moore and Kelley were made and the primary election as to them was held in pursuance of the provisions of section 32-503, R. S. Supp., 1955, as follows: "* * * If the candidate for an elective office is the incumbent of another partisan or nonpartisan elective office, the filing of the requisite nomination papers of such incumbent for any other partisan or nonpartisan elective office shall be perfected at least fifty days prior to the date of such primary, * * *. The filing of the re-

quisite nomination papers, perfected as aforesaid, shall create a vacancy in the elective office which such candidate then holds as of the date of the commencement of the term of the office or as of the date such vacancy is filled by the election for which he filed or for which he accepted filing. Candidates may file for the unexpired term of the office which becomes vacant, as provided in this section." This provision is amendatory of section 32-503, R. R. S. 1943, which was in effect at the time the plaintiff became county attorney but the substance of the section as amended is not different in any material respect from what it was as it appeared in the 1943 revision.

The statutory section contains other provisions but they in nowise amount to a limitation of the application of the quoted portion to county attorneys filing for other elective offices, hence they have not been quoted and no further reference will be made to them.

On March 23, 1956, before the primary election, the plaintiff withdrew his filing for nomination for the office of judge of the district court. This was 53 days before the primary election.

It is pointed out here that a filing for the office of judge of the district court by a candidate not a holder of another and different elective office was, during 1956, required to be made not less than 40 days before the primary election. § 32-514, R. S. Supp., 1955. It is also pointed out that a filing for the office of judge of the district court by a candidate who is the holder of another elective office was during 1956 required to be made not less than 50 days before the primary election. § 32-503, R. S. Supp., 1955.

The purpose of this action insofar as the election commissioner was concerned was to enjoin him from placing the names of Moore and Kelley as candidates for county attorney on the ballot for the general election for 1956.

The substantial theory on which this purpose was predicated was, first, that section 32-503, R. S. Supp.,

1955, to the extent that it provided for vacation of an elective office by filing and perfecting of nomination papers for another elective office and the provision that candidates could file for the unexpired term of the vacated office was unconstitutional and therefore void, in consequence of which the plaintiff was and would remain the duly elected and qualified county attorney until January 8, 1959; and, second, that even if the statute was constitutional it could not affect the right of plaintiff to continue in office as county attorney in view of the fact that he withdrew his filing more than 50 days before the primary election.

The purpose of the action as to Moore and Kelley is to obtain a declaratory judgment that the office of county attorney of Douglas County did not become vacant by the filing of the plaintiff for nomination for the office of judge of the district court.

The theory of the action as to these defendants and the ground upon which the plaintiff contends that he is entitled to the declaratory relief prayed is substantially the same as that interposed as the ground for injunction against the election commissioner, that is, that section 32-503, R. S. Supp., 1955, to the extent that it purports to affect the right of plaintiff to occupy the office of county attorney until January 8, 1959, is unconstitutional.

Before proceeding further it appears that it should be pointed out that the names of Moore and Kelley were duly placed on the ballot in conformity with the adjudication of the district court and at the election held on November 6, 1956, Kelley received the largest number of votes. Thus unless the statutory provision is held unconstitutional he will be entitled to occupy the office of county attorney from and after January 3, 1957, until January 8, 1959.

In the light of events as they have become apparent the appeal as to the defendant Kuppinger has become moot, in consequence of which no action on the part of this court is called for on the issues as to the plaintiff

and this defendant. All that remains therefore is the issue whereon the plaintiff seeks declaratory relief against the other defendants, or more particularly now against the defendant Kelley.

The plaintiff as a basis for his contention that the statutory provision in question is unconstitutional asserts that it is repugnant to Article III, section 14, and Article III, section 23, of the Constitution of the State of Nebraska.

He contends that the statute by its language and expressed purpose and intent is unconstitutional as to constitutional offices, and being so unconstitutional as to constitutional offices it is likewise unconstitutional as to legislative offices.

It is pointed out here that the office of county attorney was legislatively created and because thereof it is to be treated as a legislative office as distinguished from a constitutional office. § 32-308, R. R. S. 1943.

Article III, section 23, of the Constitution is the following: "All offices created by this Constitution shall become vacant by the death of the incumbent, by removal from the State, resignation, conviction of a felony, impeachment, or becoming of unsound mind. And the Legislature shall provide by general law for the filling of such vacancy, when no provision is made for that purpose in this constitution."

It must be taken as true that if it was the purpose and intent of the Legislature by the enactment of the provision in question to affect or impair the right of the holder of a constitutional office contrary to the provisions of Article III, section 23, then to that extent the provision is unconstitutional and void.

This court has held that the provisions of Article III, section 23, as to removal and vacation are exclusive as to constitutional offices and the Legislature has no power to add other or different grounds.

In Conroy v. Hallowell, 94 Neb. 794, 144 N. W. 895, a case wherein that question was directly passed upon,

it was said: "Having provided, fully, by section 20, art. III, and section 5, art. V, the grounds upon which a constitutional office may become vacant, we do not think it is within the power of the legislature to add any other or additional grounds; and, having provided the manner in which the office shall be declared vacant, viz., by impeachment of its incumbent, it is not within the power of the legislature to provide for any other or different method of removal."

Article III, section 20, of the Constitution of 1875 is the same as the present Article III, section 23. As is already apparent this section defines the grounds for vacation of a constitutional office. Article V, section 5, of the Constitution of 1875 is the same as the present Article IV, section 5. It prescribes the method whereby the holder of a constitutional office may be removed. As pointed out therein the removal shall be by impeachment.

In Laverty v. Cochran, 132 Neb. 118, 271 N. W. 354, it was said: "It is beyond the power of the legislature to provide for the removal or suspension of a constitutional officer, where the Constitution creates the office, fixes it terms, and the grounds and manner of removal." Numerous citations of authority supporting this statement of principle are to be found in the opinion and accordingly they will not be repeated here.

In the light of the clear and explicit language of the statutory provision, the only reasonable conclusion to be reached is that it was intended by the Legislature that section 32-503, R. S. Supp., 1955, should have application and reference to constitutional as well as statutory elective officers.

The language is clear and specific beyond peradventure and it contains no exceptions or reservations. Nothing in the statement is obscured. It is, on its face, capable of but a single meaning and intent.

Where, as in this situation, the intent of the Legis-

lature is clearly expressed the courts are in duty bound to accept that expression.

In State ex rel. Marrow v. City of Lincoln, 101 Neb. 57, 162 N. W. 138, it was said: "It is the duty of the court to discover, if possible, the legislative intent from the language of the act. It is not the court's duty, nor is it within its province, to read a meaning into a statute that is not warranted by the legislative language. In the legislative domain, and within constitutional bounds which it is bound to follow, the legislature is supreme." See, also, Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476; Mook v. City of Lincoln, 146 Neb. 779, 21 N. W. 2d 743; Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409; Lang v. Sanitary District, 160 Neb. 754, 71 N. W. 2d 608.

When a legislative enactment is clear, explicit, and unambiguous in the expression of intent and meaning, resort may not be had to contemporaneous construction or information to ascertain the intent of the Legislature. It is only where the statute by its terms gives room for doubt or uncertainty as to its application that courts may resort to historical facts or general information to aid them in interpreting its provisions. Brown v. Easterday, 110 Neb. 729, 194 N. W. 798; Shamp v. Landy Clark Co., 134 Neb. 73, 277 N. W. 802; City of Lincoln v. First Nat. Bank, 146 Neb. 221, 19 N. W. 2d 156; Vanous v. City of Omaha, 148 Neb. 685, 28 N. W. 2d 560; Placek v. Edstrom, 148 Neb. 79, 26 N. W. 2d 489, 174 A. L. R. 856.

It must be said therefore that it was intended by the Legislature that the provision should affect the rights of elective constitutional officers to hold office. For that reason it must be said that as to them it was and is unconstitutional and void.

The next point for consideration is the contention of the plaintiff that since the provision is unconstitutional as to constitutional officers it is also unconstitutional as to statutory officers. The theory of the plaintiff in

this respect is twofold. The first is that it is evident that the intent to include constitutional officers as well as statutory officers was the inducement to the legislation, and with its failure as to constitutional officers the legislation must fail as to statutory officers. The second is that with the striking down of the provision as to constitutional officers no valid and complete act relating to statutory officers remains, the effect of which is to render it unconstitutional and void as to statutory officers.

A well-settled rule of statutory interpretation is the following: "If a portion of a legislative act is unconstitutional and it can be separated from other portions of the act and the latter enforced independent of the former, and it further appears that the unconstitutional part did not constitute such an inducement to the passage of the other parts of the law that they would not have been passed without it, the former may be rejected and the latter upheld.

"The same rule obtains in relation to parts of the sections of a statute, and that which is unconstitutional may, under the operation of the foregoing rule, be rejected from a section or sections of a law and what remains be sustained, unless they are inseparably connected in substance." State ex rel. Wheeler v. Stuht, 52 Neb. 209, 71 N. W. 941. This pronouncement was quoted with approval in State ex rel. Johnson v. Consumers Public Power Dist., 143 Neb. 753, 10 N. W. 2d 784, 152 A. L. R. 480. See, also, Nelson v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729; Midwest Popcorn Co. v. Johnson, 152 Neb. 867, 43 N. W. 2d 174.

Inducement as contemplated by the decisions of this court has not been clearly defined. It is thought that it may not be accurately defined but that it must depend upon the character and quality of the action of the Legislature as it appears in the legislation under scrutiny.

In the instance here the expressed intent is clear.

That intent was to declare vacant all elective offices, constitutional and statutory, by the filing by the incumbent for another elective office. The intent as expressed was not severed or severable. If the intent was not severed or severable it does not appear that the inducement could be any less than entire.

The holding therefore is that the portion of the provision already pointed out as being unconstitutional was an inducement of such a character as to render the entire provision unconstitutional.

In addition to this it appears that the provision is unconstitutional on the second ground of plaintiff's contention, that is, if the application of the provision is stricken down as to constitutional officers no valid and complete act relating to statutory officers remains.

Under the settled rule of statutory interpretation quoted herein, it is pointed out that in an instance where a part of a statutory provision is held unconstitutional the remainder must likewise be held unconstitutional unless the unconstitutional portion can be separated from the provision, leaving the remaining portion or portions independently enforceable.

In State ex rel. Ragan v. Junkin, 85 Neb. 1, 122 N. W. 473, 23 L. R. A. N. S. 839, it was said: "Even if the unconstitutional provisions were not the inducing cause of the legislation, the entire act must fall, unless the valid and invalid parts can be separated in such a way as to leave an independent statute capable of enforcement. The intent of the legislature must be expressed by written language." This statement of principle has been approved in the following cases: Smithberger v. Banning, 129 Neb. 651, 262 N. W. 492, 100 A. L. R. 686; State ex rel. O'Connor v. Tusa, 130 Neb. 528, 265 N. W. 524.

In the light of these decisions it becomes obvious that with the declaration of unconstitutionality of the statutory provision as to constitutional officers it cannot be upheld as to statutory officers. Accordingly on this

ground also it is declared unconstitutional as to statutory officers.

The plaintiff has advanced other grounds of attack upon the provision but in the light of the conclusions reached on the questions considered it is not deemed necessary to discuss them.

The action as to the defendant Kuppinger having become moot, no adjudication is made herein as to it. The declaratory judgment as to the defendants Moore and Kelley is reversed and section 32-503, R. S. Supp., 1955, to the extent that its constitutionality is attacked herein, as well as like portion of section 32-503, R. R. S. 1943, of which it is amendatory, is declared unconstitutional, null, and void, the effect of which is to say that the plaintiff did not vacate the office of county attorney of Douglas County, Nebraska, by filing for nomination for the office of the judge of the district court.

REVERSED.