REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
In your letter of August 17, 1984, you asked, first, whether Legislative Resolution 1, introduced at this year's special session, is within the Governor's call. We conclude that it is not.
The Governor's call called the Legislature into session for the purpose of considering four subjects. Two of these subjects deal with the taking possession of insolvent financial institutions by the Department of Banking and Finance and the acquisition of such institutions in the possession of the department by non-domestic financial institutions. LR 1 clearly has nothing to do with those two subjects, so we will look at the other two, to see if LR 1 is covered by them.
The first two subjects listed in the call are:
 1. Proposals to submit to the electorate amendments to Article VIII, Section 1, of the Constitution of the State of Nebraska to authorize the Legislature to classify, for purposes of ad valorem taxation, land used solely for agricultural or horticultural purposes.
 2. Proposals to submit to the electorate amendments to Article VIII, Section 2, of the Constitution of the State of Nebraska to authorize the Legislature to exempt in whole or in part, for purposes of ad valorem taxation, land used solely for agricultural or horticultural purposes.
Article IV, Section 8, of the Nebraska Constitution provides:
 The Governor may, on extraordinary occasions, convene the Legislature by proclamation, stating therein the purpose for which they are convened, and the Legislature shall enter upon no business except that for which they were called together.
The last portion of this section is, of course, an express limitation upon the power of the Legislature to act at a special session. In Arrow Club, Inc. v. Nebraska LiquorControl Commission, 177 Neb. 686, 131 N.W.2d 134 (1964), the court said:
 It is well established that the Legislature while in special session can transact no business except that for which it was called together. Chicago, B. Q. R.R. Co. v. Wolfe, 61 Neb. 502, 86 N.W. 441. The proclamation may state the purpose for which the Legislature is convened in broad, general terms or it may limit the consideration to a specified phase of a general subject. The Legislature is free to determine in what manner the purpose shall be accomplished, but it must confine itself to the matters submitted to it by the proclamation.
In State ex rel. Douglas v. State Board of Equalization Assessment, 205 Neb. 130, 286 N.W.2d 729 (1979), a constitutional amendment which was submitted pursuant to a resolution adopted at a special session was attacked as being in violation of the Federal Constitution, and also on the ground that the adoption of the resolution was not within the call.
The court disposed of the case by finding the constitutional amendment to be in violation of the Federal Constitution, and did not reach the question of the validity of its submission. However, the author of the opinion, Judge Brodkey, also wrote a concurring opinion, saying that he thought the court should have considered the question of whether the adoption of the resolution was within the call, and expressed the opinion that it was not. While this opinion lacks the authority of an express holding by a majority of the court, we believe it has some weight, particularly since no member of the court wrote an opinion disagreeing with it. Judge Brodkey quoted from Arrow Club, Inc.,supra, to the effect that the Legislature must confine itself to the matters submitted to it by the Governor's proclamation, and rejected the argument which had been made by respondents that the Legislature could propose constitutional amendments at all sessions, regular or special, and was not limited in such proposals by Article IV, Section 8.
LR 1 does not deal specifically with the taxation of agricultural or horticultural land, or the exemption thereof, but, instead, would submit a proposal to repeal the uniformity provisions of Article VIII, Section 1, of the Constitution. It also alters the language of that section dealing with the taxation of motor vehicles, and may, perhaps inadvertently, provide for the elimination of the separate taxation of motor vehicles, and leave only motor vehicles owned and held for resale by motor vehicle dealers, and trucks operating in interstate commerce as separate classes of motor vehicles.
The call clearly limited the constitutional amendments to be proposed to those dealing with the taxation or exemption of agricultural or horticultural land. LR 1 goes far beyond that limitation, and is not, in our opinion, authorized business under Article IV, Section 8.
You also ask whether, if the Legislature nevertheless adopts LR 1, the Secretary of State is required to put it on the ballot, and if he does, whether it could be challenged either before or after the election as being beyond the call.
The question of whether the Secretary of State must put it on the ballot is essentially a question of what would happen should be refuse to do so. A mandamus action might be brought to compel him to put it on. He could raise a defense that the resolution went beyond the call. If the court agreed, the mandamus action would be dismissed; if the court disagreed, he would be compelled to put it on.
We are somewhat uncertain as to the sanctions the Secretary of State might be subject to, were he to refuse to put the issue on the ballot, and no mandamus action were brought to require him to do so. We do not believe he would be subject to removal by quo warranto pursuant to Neb.Rev.Stat. § 25-21,147 (Reissue 1979), because inFitzgerald v. Kuppinger, 163 Neb. 286, 79 N.W.2d 547
(1956), the court said that it was not within the power of the Legislature to provide for the removal or suspension of the holder of a constitutional office. It is true that the court was relying primarily on Article III, Section 23 of the Constitution, which has since been repealed, but it also relied on Article IV, Section 5, and we believe the rule is still applicable.
Our opinion that LR 1 was not within the call would not protect the Secretary of State from whatever sanctions against him are available, were the court to disagree. We therefore assume that if the resolution is adopted, the Secretary of State will put it on the ballot, unless restrained by a court order.
Certainly, an injunction action could be brought before the election to restrain the Secretary of State from putting the issue on the ballot. Furthermore, a declaratory judgment action could be brought after the election, if the amendment passed, to declare it invalid as having been improperly submitted. See, Arrow Club, Inc., supra, and Judge Brodkey's concurring opinion in State ex rel. Douglasv. State Board of Equalization Assessment, supra.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General