MELVIN BAHENSKY, PLAINTIFF, V. STATE OF NEBRASKA ET AL., DEFENDANTS.

486 N.W.2d 883

Filed July 24, 1992.    No. S-91-846.

John W. DeCamp, of DeCamp Legal Services, for plaintiff.

Don Stenberg, Attorney General, and L. Jay Bartel for defendants.

Robert J. Huck, James F. Kasher, and David G. Wilwerding, of Croker, Huck, Kasher, Lanphier, DeWitt & Anderson, P.C., for amicus curiae Metropolitan Omaha Builders Association.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an original action, pursuant to a stipulated set of facts, seeking a declaratory judgment as to the constitutionality of 1991 Neb. Laws, L.B. 829, § 20, which bill the Legislature passed with an emergency clause, and the Governor signed into law on June 10, 1991. Named as defendants were the State of Nebraska, Governor E. Benjamin Nelson, Secretary of State Allen J. Beermann, Auditor of Public Accounts John Breslow, State Treasurer Dawn Rockey, Tax Commissioner M. Berri Balka, and Attorney General Donald Stenberg.

The stipulated facts reveal that the plaintiff, Melvin Bahensky, is a Nebraska resident and taxpayer. He owns a farm rental business, in connection with which he purchased irrigation pipe and a copying machine. In computing his federal income taxes, the plaintiff has in past years taken a deduction for cost recovery regarding the irrigation pipe and copying machine. The amount of this deduction is based upon depreciation of the property as calculated according to the Internal Revenue Code. See 26 U.S.C. §§ 167, 168, 169, and 179 (1988 & Supp. II 1990). The plaintiff planned to take a similar deduction for the 1991 tax year.

For tax year 1991 only, L.B. 829, § 20 (codified at Neb. Rev. Stat. § 77-2716.02 (Supp. 1991)), imposes "a surcharge of two percent of all depreciation." "Depreciation" is defined in § 20 as "any deduction for cost recovery allowable under section 167, 168, 169, or 179 of the Internal Revenue Code of 1986, as amended, on tangible property used in a trade or business or tangible property held for the production of income . . . ."

It is the plaintiff's contention that § 20 violates Neb. Const. art. VIII, § 1A, which prohibits the State from "levying a

property tax for state purposes," as well as Neb. Const. art. VIII, § 1, which requires uniformity and proportionality in the taxation of all tangible property and franchises, with certain exceptions. Due to our decision in the companion case *Jaksha v. State, ante* p. 106, 486 N.W.2d 858 (1992), however, it is unnecessary to address these contentions.

In *Jaksha*, we held that L.B. 829, § 7, as it relates to the 1991 tax year, violates the uniformity clause of the Nebraska Constitution, article VIII, § 1. As we noted in that case, generally, "when part of an act is held unconstitutional the remainder must likewise fail, unless the unconstitutional portion is severable from the remaining portions." *Jaksha, ante* at 129, 486 N.W.2d at 873, citing *Fitzgerald v. Kuppinger*, 163 Neb. 286, 79 N.W.2d 547 (1956). We also identified several factors courts must consider in determining the severability of an unconstitutional provision: namely, (1) whether, absent the invalid portion, a workable plan remains; (2) whether the valid portions are independently enforceable; (3) whether the invalid portion was such an inducement to the valid parts that the valid parts would not have passed without the invalid part; (4) whether severance will do violence to the intent of the Legislature; and (5) whether a declaration of separability indicating that the Legislature would have enacted the bill absent the invalid portion is included in the act. *Jaksha, supra*, citing *State ex rel. Spire v. Strawberries, Inc.*, 239 Neb. 1, 473 N.W.2d 428 (1991).

Section 7 of L.B. 829 (codified at Neb. Rev. Stat. § 77-202(12) (Supp. 1991)) purported to exempt virtually all personal property from the property tax rolls for tax year 1991. Section 26 of the act (codified at Neb. Rev. Stat. § 77-27,138.01 (Supp. 1991)) provides for the reimbursement of the State's political subdivisions for revenues lost due to the additional exemption of personal property which was not already exempt when § 7 was passed. During floor debate on L.B. 829, it was estimated that exemption of this remaining sliver of personal property would result in a $95 million shortfall to the counties. Floor Debate, 92d Leg., 1st Sess. 5090-93 (May 14, 1991).

Much of the debate concerning L.B. 829 centered upon the sources from which the reimbursement contemplated in § 26 of

the act should derive. The senators ultimately agreed on a plan which would do the following: (1) impose a surcharge on tax deductions taken for depreciation of business property, which is the provision challenged by the plaintiff; (2) decrease the fee allowed for collection by retailers of the sales and use tax on tangible personal property, L.B. 829, §§ 21 and 23 (codified, respectively, at Neb. Rev. Stat. §§ 77-2703(2)(d) and 77-2708(1)(d) (Supp. 1991)); (3) impose a utility tax on energy used in manufacturing, in generation of electricity, and by hospitals, L.B. 829, § 22 (codified at Neb. Rev. Stat. § 77-2704(1)(j)(ii) (Supp. 1991)); (4) impose a surcharge on the income tax rate for corporations earning in excess of $200,000, L.B. 829, § 24 (codified at Neb. Rev. Stat. § 77-2734.17 (Supp. 1991)); and (5) require payment of a one-time fee of $150 by most corporations in the state, L.B. 829, § 25 (codified at Neb. Rev. Stat. § 21-330 (Supp. 1991)).

According to comments made in the floor debate, the funding mechanisms just described would generate approximately $97 million in state funds if implemented. Floor Debate, L.B. 829, 92d Leg., 1st Sess. 6942 (June 3, 1991). In contrast to the provisions deemed severable from § 7 in *Jaksha, supra*, each of the provisions here was specifically designed to last only 1 year. Arguing in support of the appropriation bill for L.B. 829, Senator Eric Will summarized the intent of the measure: "The bill right now authorizes an appropriation of $97 million in General Fund monies, and that simply reflects the amount that we are estimating local subdivisions will lose from the removal of personal property from the tax rolls for the '91 tax year." Floor Debate, 92d Leg., 1st Sess. 6360 (May 29, 1991).

Sections 20 through 25 of L.B. 829 are clearly part of a package designed to raise the revenues needed to reimburse the State's political subdivisions for moneys lost due to the effect of § 7 in the 1991 tax year. Without passage of § 7, the Legislature lacked any reason to enact these additional revenue measures and undoubtedly would not have done so. We conclude that § 7 of L.B. 829 was a specific inducement to passage of §§ 20 through 25 and that enforcement of the latter in the absence of the exemptions contained in the former would do violence to

the intent of the Legislature. As a result, we hereby declare §§ 20 through 25 of L.B. 829 unconstitutional by virtue of our decision in *Jaksha, supra.*

JUDGMENT FOR PLAINTIFF.

SHANAHAN, J., dissenting.

Because this court, relying on the majority's opinion in *Jaksha v. State, ante* p. 106, 486 N.W.2d 858 (1992), strikes down the depreciation surcharge authorized by 1991 Neb. Laws, L.B. 829, § 20, I certainly disagree with the majority's decision in this case, a decision which only exacerbates the state's property tax woes by requiring refund of all taxes collected pursuant to § 20.

Furthermore, I disagree with the court's assertion that § 20 is inseverable from L.B. 829, § 7. As the court admits, only one of the numerous factors to achieve inseverability is present in Bahensky's case, namely, § 7 as an inducement to passage of § 20. Moreover, in view of the result in *Jaksha*, the court's protestations of unwillingness to "do violence to the intent of the Legislature" have a hollow ring and cannot be taken seriously. Also, there is nothing in §§ 7 and 20 of L.B. 829 to indicate that they are inextricably intertwined, nor is there any apparent ambiguity in the statutory language. Therefore, the provisions of §§ 7 and 20 should be construed in terms of the statutory plain language appearing on the face of the legislation. Senatorial verbal exchanges on the floor of the Legislature have no role in determining constitutionality of the legislation presently under judicial examination. To single out a senator's statement in the legislative chamber and then transform that statement into the collective voice of the Legislature is unquestionably farfetched. Moreover, the day that an expression on the floor of the Legislature determines constitutionality of a statute will be a sad day for the constitutional separation of powers and judicial authority to construe statutes. That sad day has apparently arrived today.

Finally, the only issue presented in this appeal, the issue ignored by this court's majority, is whether the 2 percent surcharge imposed on the exercise of the federal depreciation deduction is a property tax in violation of Neb. Const. art. VIII, § 1A, which prohibits levying of a property tax for state

152

purposes. An excise tax is an indirect tax, one not directly imposed upon persons or property [citation omitted], and is one that is 'imposed on the performance of an act, the engaging in any occupation, or the enjoyment [of] a privilege.' " *New Neighborhoods v. W.Va. Workers' Comp. Fund*, 886 F.2d 714, 719 (4th Cir. 1989). See, also, *State v. Galyen*, 221 Neb. 497, 500-01, 378 N.W.2d 182, 185 (1985):

> " 'An excise tax, using the term in its broad meaning as opposed to a property tax, includes taxes sometimes designated by statute or referred to as privilege taxes, license taxes, occupation taxes, and business taxes.' " [Citation omitted.]
>
> On a number of occasions this court has similarly recognized that a tax imposed upon the doing of an act is an excise tax and not a property tax.

The depreciation surcharge under § 20 of L.B. 829 is imposed on a taxpayer's voluntary act of asserting the privilege to claim depreciation as a tax deduction allowed in determining income tax liability under the federal Internal Revenue Code. Therefore, the depreciation surcharge is a constitutional excise tax, not a property tax prohibited by Neb. Const. art. VIII, § 1A. Hence, § 20 of L.B. 829 is constitutional.