R. K. Armstrong et al., Appellees, v. The Board of
Supervisors of County of Kearney, Nebraska,
Appellant.
46 N. W. 2d 602

Filed February 22, 1951.   No. 32969.

*Charles A. Chappell,* for appellant.

*Bracken & Tucker,* and *Fred S. Martin,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellees seek, by authority of the Uniform Declaratory Judgments Act, to secure an interpretation of statutory provisions authorizing county boards in counties having not less than a designated population, when authorized ·by a vote of the electors, to issue and sell bonds of the county and use the proceeds for the acquisition. or construction of a county community hospital.

Appellees are resident taxpayers of Kearney County and prosecute the action for themselves and all other interested persons. Appellant is the board of supervisors and the governing body of the county.

An election was held therein during the month of August 1947, at which the voters authorized appellant to issue and sell bonds of the county to provide funds for the construction or acquisition of a county community hospital and the purchase of suitable equipment for it. In March 1948, appellant purchased the Seeley Hospital in the city of Minden, appointed a board of hospital trustees, and has since operated it as a county community hospital.

When the election was held and the hospital was acquired it was contemplated that it would be enlarged, improved, and modernized to adequately accommodate the hospital needs of the county. The hospital requirements of the county exceeded its capacity and facilities. Appellant, the board of hospital trustees, and many other residents of the county considered it was not feasible or practical to make it an adequate or suitable county hospital by alterations and additions, that its location is not suitable, that a new hospital should be constructed on a different and desirable site, and the existing one should be sold. This requires the issuance and sale of additional bonds of the county. Appellees contend this

may be done by compliance with the provisions of section 23-343, R. S. Supp., 1949. Appellant denies this. It has been advised, believes, and maintains that because the electors of the county authorized one bond issue for this purpose and a hospital was acquired and is owned and operated as a county community hospital as the relevant statute permits, it is not now authorized by the law of this state to issue bonds although approved by a favorable vote of the people of the county for the purpose of acquiring or constructing another county hospital. It asserts it now can only make additions and improvements to the existing hospital and its equipment, that it is thus limited by section 23-343.07, R. S. Supp., 1949, but, if authorized by law, it is willing to provide for an election and, if empowered by the voters of the county, to issue and sell bonds and to proceed with the construction of a new county hospital, but it will not incur the cost and expense thereof or initiate proceedings to that end until it is finally determined that such procedure is legal.

The district court decided that appellant may issue and sell bonds of the county, when authorized by the voters at a proper election for that purpose, and use the proceeds thereof to purchase a site and to acquire or construct a new county community hospital thereon and to purchase equipment for it, and that it is not limited to making additions or improvements to the hospital now owned and operated by the county. Appellant insists that the judgment is contrary to law.

The problem is whether appellant may, in view of the facts stated, if approved by a vote of the people at a proper election, issue and sell bonds of the county for the purpose of constructing another county community hospital on a site different from the location of the existing hospital, or is it now restricted, while the present hospital exists, to the making of additions and improvements to it. It is a matter of public importance and of particular concern to the parties hereto and the

residents of the county that the question involved in the controversy be judicially determined.

Proceedings for a declaratory judgment are appropriate and authorized to determine the validity, construction, or interpretation of a statute when there is a justiciable determinable controversy between parties in respect to rights thereunder. §§ 25-21,149, R. S. Supp., 1949, and 25-21,150 to 25-21,164, R. R. S. 1943; State ex rel. State Railway Commission v. Ramsey, 151 Neb. 333, 37 N. W. 2d 502; Thorin v. Burke, 146 Neb. 94, 18 N. W. 2d 664.

The provisions of the statute are applicable to counties having thirty-six hundred inhabitants or more. The record is silent as to the population of Kearney County, but the courts of a state may take judicial notice of the population of a county created by it and of the counties wherein a statute of the state is operative, if its operation depends upon the existence of a specified population. In re Will of Pittock, 102 Or. 159, 199 P. 633, 17 A. L. R. 218; State ex rel. Welsh v. Darling, 216 Iowa 553, 246 N. W. 390, 88 A. L. R. 218; 20 Am. Jur., Evidence, § 52, p. 76; 31 C. J. S., Evidence, § 98, p. 696. See, also, Standard Oil Co. v. City of Kearney, 106 Neb. 558, 184 N. W. 109, 18 A. L. R. 95. This court may, and does, take judicial notice of the fact that the population of Kearney County is more than six thousand.

The conclusion in this case is controlled by sections 23-343 and 23-343.07, R. S. Supp., 1949. In considering the meaning and effect of these, the legislative intent must be discovered if possible from the language used considered in its plain, ordinary, and popular sense. Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451; Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446.

The language of section 23-343, R. S. Supp., 1949, applicable to this case, is: "The county board, in any county in this state having thirty-six hundred inhabitants or more, may issue and sell bonds of such county

in such an amount as the county board may deem advisable for the construction or acquisition of * * * a county community hospital and to purchase suitable equipment for the same, which bonds shall bear interest at a rate not to exceed five per cent per annum; Provided, no bonds shall be issued until the question of the issuance of said bonds shall have been submitted to the voters of such county at a general election, or a special election called for such purpose, and approved by a majority vote of the electors voting on such proposition at any such election."

The part of section 23-343.07, R. S. Supp., 1949, relevant to the questions involved herein, provides: "(1) The county board, in counties in this state in which a county community hospital has been established as provided in section 23-343, may, by a majority vote of the board, issue and sell bonds of the county in such sums as the county board may deem advisable to defray the cost of improvements or additions thereto and equipment. Such bonds shall not exceed the amount authorized for improvements, additions, or equipment in section 23-343.03." The limitation of section 23-343.03, R. S. Supp., 1949, is not "more than fifty per cent of the cost of the original community hospital building or building and equipment." Section 23-343.07, R. S. Supp., 1949, then provides: "(2) The county board may also, either on its own initiative or upon the recommendation of the board of hospital trustees, from time to time submit to the electors of such county at a general election or at a special election called for that purpose, the question of the issuance of the bonds of such county to defray the cost of improvements or additions to such hospital or equipment therefor in an amount either within or exceeding the limitation of fifty per cent of the cost of the original county community hospital building, or building and equipment. If approved by the vote of a majority of the electors voting on such proposition, the county board shall issue and sell such bonds."

The meaning of the first section quoted is, and the district court found and adjudged, that a county board of a county with the required population may, when authorized by the voters of the county in the manner specified, issue and sell bonds of the county in the amount fixed by the board bearing interest not to exceed five per cent per annum, and use the proceeds thereof for the construction or acquisition of a county hospital and the purchase of suitable equipment for it. This is a general statute applicable to all counties in the state that have the population requirement. There is no limitation that any county may have only one county community hospital. Any county within the operation of this statute may have one or more hospitals, and equip and operate it or them if the county board and the voters of the county cooperate to that end. The fact that the county board of a county and the voters thereof have once complied with the statute and thereby acquired, selected a site for, equipped, and is operating such a hospital is no bar or obstacle to the county again taking advantage of the statute and acquiring, equipping, and operating another county community hospital on a different site by authority of this legislation. This statute does not limit the number of hospitals a county may acquire or construct and equip and operate.

Section 23-343.07, R. S. Supp., 1949, provides the manner of defraying the cost of improvements or additions to and equipment of a county community hospital after it "* * * has been established as provided in section 23-343." Two methods are designated. The county board may, by a majority vote of that body, without a vote of the electors of the county, issue and sell bonds of the county not to exceed one-half of the cost of the hospital building or the building and equipment and use the proceeds for the expense of improvements, additions, and equipment. The alternative method is that the county board may, with or without the recommendation of the board of hospital trustees, with the approval of a

majority of the voters expressing themselves on the subject at an election, issue and sell bonds of the county in an amount either within or exceeding the limitation of fifty per cent of the cost of the hospital building, or building and equipment, to be improved, enlarged, or added to, and use the proceeds to defray the cost of improvements, additions, and equipment of the hospital.

The authority granted by section 23-343, R. S. Supp., 1949, is separate and distinct from the powers bestowed by section 23-343.07, R. S. Supp., 1949. The latter does not in any way or to any degree affect what may be done by virtue of the former. The language of each of these sections is clear, definite, and unambiguous, and construction or interpretation is neither required nor permitted. If the language of a statute is clear and unambiguous, courts will not by interpretation or construction usurp the function of the lawmaking body and give it a meaning not intended or expressed by the Legislature. State ex rel. Nebraska Beer Wholesalers Assn. v. Young, *ante* p. 395, 44 N. W. 2d 806; In re Estate of Robinson, 138 Neb. 101, 292 N. W. 48; Shamp v. Landy Clark Co., 134 Neb. 73, 277 N. W. 802.

The judgment of the district court should be, and it is affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.