J. WESLEY MONTGOMERY, APPELLANT, V. ROY W. BLAZEK ET AL., APPELLEES.

73 N. W. 2d 402

Filed December 2, 1955. No. 33825.

*Matthews, Kelley, Fitzgerald & Delehant* and *Martin A. Cannon, Jr.,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton,* and *Herbert T. White,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

J. Wesley Montgomery filed his amended petition in the district court for Douglas County wherein he made Roy W. Blazek and the Department of Roads and Irrigation of the State of Nebraska defendants. For convenience we will at times hereafter refer to the Department of Roads and Irrigation as the department.

While the amended petition did not designate the position held by Roy W. Blazek with the department at the time of the filing of the amended petition, he was Chief Supervisor of Financial Responsibility of the Motor Vehicle Division of the department.

The purpose of the action was to permanently enjoin the enforcement of an order of the Motor Vehicle Division of the Department of Roads and Irrigation of the

State of Nebraska under the authority of the Nebraska Motor Vehicle Safety Responsibility Act. This order required the plaintiff to surrender his license plates and motor vehicle driver's license, and suspended the driver's license. The order was issued pursuant to the Motor Vehicle Safety Responsibility Act, Laws 1949, c. 178, p. 482, hereinafter called the Act.

The defendants filed a general demurrer to the plaintiff's amended petition on the grounds that such petition did not state a cause of action. The trial court sustained the demurrer and dismissed the case. The plaintiff filed a motion for new trial. The motion for new trial was overruled and the plaintiff perfected appeal to this court.

We will refer to the parties as designated in the district court.

The amended petition set forth the following factual situation: The plaintiff is a resident of Omaha, Douglas County, Nebraska, and the holder of Nebraska license plates and Nebraska driver's license. On or about February 26, 1954, plaintiff was the driver of an automobile which was involved in a collision with one Robert Conn at Twenty-fourth and Cuming Streets in Omaha, Nebraska, resulting in property damage to the Conn automobile. The plaintiff, at the time of the accident, had no liability insurance. Thereafter the plaintiff paid in full the property damage in the amount of $108.72. Plaintiff further agreed to pay all the medical expenses of Conn resulting from the accident and claimed injury to Conn's wife, Louise, a passenger in Conn's car at the time. The petition further alleged that in consideration of payment of the property damage and in further consideration of plaintiff's promise to pay the medical expenses, the Conns, and each of them, did on February 26, 1954, orally agree to release and discharge the plaintiff from all liability arising out of the said accident and at the time Robert Conn executed and delivered to the plaintiff a property damage release. This release

bears the date of March 11, 1954. Following said agree- ment and release, the plaintiff at various times tendered payment of medical expenses to the Conns but his tender was refused by them. As a result the plaintiff alleged that he had been released of all liability to the Conns by an oral and written release which the Conns wrongfully refused to acknowledge, and as a result of said release plaintiff is entitled to retain his operating privileges and license plates. Plaintiff filed with the defendants the original of exhibit "A", the personal property release, and an affidavit, exhibit "B", setting out the facts appearing in the amended petition. A copy of exhibits "A" and "B" were attached to the petition.

Plaintiff further alleged that prior to the time of the filing of the affidavit the defendants, acting under the purported authority of the Nebraska Motor Vehicle Safety Responsibility Law, had demanded the surrender of plaintiff's license plates and operator's license and ordered said license to be revoked; that following the filing of the affidavit, plaintiff requested the order to be withdrawn; that notwithstanding said request and filing, defendants refused to withdraw said order al- though by filing the originals of exhibits "A" and "B" plaintiff had complied with the law and therefore had a right to possession and use of the driver's license and plates; that by reason of the filing of exhibits "A" and "B" he had provided evidence of release to the defend- ants which should be accepted as sufficient to entitle him to a revocation of the suspension; and that never- theless the defendants wrongfully refused this revo- cation of the suspension order.

A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issu- able, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact. A gen- eral demurrer tests the substantive legal rights of par- ties upon admitted facts, including proper and reason-

able inferences of law and fact which may be drawn from facts which are well pleaded. See In re Estate of Halstead, 154 Neb. 31, 46 N. W. 2d 779.

The sections of the Act involved in the instant case are as follows:

Section 60-507, R. S. Supp., 1953, provides: "Within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person, including such operator, to an apparent extent in excess of one hundred dollars, the department shall suspend (1) the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident, (2) the privilege, if such operator is a nonresident, of operating a motor vehicle within this state, and (3) the privilege, if such owner is a nonresident, of the use within this state of any motor vehicle owned by him, unless such operator, owner, or operator and owner shall deposit security in a sum which shall be sufficient, in the judgment of the department, to satisfy any judgment or judgments for damages resulting from such accident which may be recovered against such operator, owner, or operator and owner; Provided, notice of such suspension shall be sent by the department to such operator and owner not less than ten days prior to the effective date of such suspension and shall state the amount required as security."

Section 60-508, R. R. S. 1943, provides: "Sections 60-507 to 60-509 shall not apply: (1) To such operator or owner if such owner had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident; * * *."

Section 60-510, R. R. S. 1943, provides: "The requirements as to security and suspension in sections 60-507 to 60-509 shall not apply: * * * (4) If, prior to the date that the department would otherwise suspend license and registration or nonresident's operating

privilege under sections 60-507 to 60-509, there shall be filed with the department evidence satisfactory to it that the person, who would otherwise have to file security, has (a) been released from liability, (b) been finally adjudicated not to be liable, (c) executed a warrant for confession of judgment, payable when and in such installments as the parties have agreed to, or (d) executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages. resulting from the accident."

Where the language of a statute is plain and unambiguous there is no occasion for construction, and the statute must be given effect according to its plain and obvious meaning. See 82 C. J. S., Statutes, § 322, p. 577.

If the language of a statute is clear and unambiguous, courts will not by interpretation or construction usurp the function of the lawmaking body and give it a meaning not intended or expressed by the Legislature. See, Armstrong v. Board of Supervisors, 153 Neb. 858, 46 N. W. 2d 602; State ex rel. Nebraska Beer Wholesalers Assn. v. Young, 153 Neb. 395, 44 N. W. 2d 806; In re Estate of Robinson, 138 Neb. 101, 292 N. W. 48; Shamp v. Landy Clark Co., 134 Neb. 73, 277 N. W. 802.

The purpose of the Motor Vehicle Safety Responsibility Act is to protect the public on the highways against the operation of motor vehicles by financially irresponsible persons and thus is referable to the police power of the state. This power is inherent in every sovereignty and permits the enactment of laws, within constitutional limits, to promote the general welfare of its citizens. Therefore, in the interests of the public the state may make and enforce regulations reasonably calculated to promote care on the part of all who use its highways. Hadden v. Aitken, 156 Neb. 215, 55 N. W. 2d 620, 35 A. L. R. 2d 1003.

A license to operate an automobile upon the highways of the state is a privilege and not a property right, and

the power given the Department of Roads and Irrigation to suspend such operating privileges is an administrative and not a judicial function. Hadden v. Aitken, *supra*.

It will be noted that section 60-507, R. S. Supp., 1953, uses the language "the department shall suspend" the license and registration certificate of owners of motor vehicles involved in an accident. Therefore, by the use of the word "shall" no discretion is given to the department to do otherwise than follow the statutory provision.

As to whether or not the department exercises judicial powers as distinguished from administrative acts, is answered by the following authorities.

"We do not think the Act confers any judicial powers upon the Department of Roads and Irrigation by directing it, except under certain situations set forth in the Act, to suspend within sixty days after the receipt of a report of an accident which has resulted in bodily injury or death or damage to the property of any person in excess of fifty dollars (under the present statute changed to one hundred dollars) the license of each operator and all registrations of each owner of a motor vehicle involved in any manner in the accident unless security is deposited in an amount which it shall deem sufficient to satisfy any judgment or judgments for damages which may result therefrom." Hadden v. Aitken, *supra*. See, also, Thompson v. Smith, 155 Va. 367, 154 S. E. 579, 71 A. L. R. 604; Larr v. Dignan, 317 Mich. 121, 26 N. W. 2d 872.

As evidenced by the above-cited statutes, exceptions are made to the suspension provisions if the operator or owner of an automobile can show proof of financial responsibility in the manner prescribed. The requirements as to such security and suspension shall not apply where the owner or operator of any motor vehicle so involved has filed with the department evidence satisfactory to it that the person, who would otherwise have

to file security, has been released from liability. § 60-510, R. R. S. 1943.

The plaintiff did not have liability insurance and did not deposit security as provided by section 60-507, R. S. Supp., 1953. Rather, he submitted to and invoked the provisions of section 60-510, R. R. S. 1943, by paying for and securing a release for damages to the personal property involved. He did not procure a valid release for personal injuries alleged to have been suffered by Louise Conn.

Referring to section 60-510, R. R. S. 1943, the exception applies if, before licenses are suspended, there shall be filed with the department evidence satisfactory to it that the person involved has "been released from the liability."

The plaintiff's amended petition shows that at the time the plaintiff paid for the property damage a release was executed and delivered by Robert Conn, which he acknowledged, for property damage, and related only to property damage. In paragraph 4 of the amended petition the plaintiff alleged that following said agreement and release, plaintiff at various times tendered payment of medical expenses to the Conns but his tender was refused by them for no sufficient reason but because they wished to dishonor their agreement.

We believe it should be apparent to the plaintiff the type of release that should be filed with the department in the event of a settlement had between the plaintiff and the Conns with reference to personal injuries alleged to have been received by Louise Conn.

We find nothing in the record to show that the parties at any time agreed as to any amount to be paid for personal injuries alleged to have been received by Louise Conn, or that the plaintiff was in any manner released from such liability. Certainly, the department is not required or permitted to inquire into outside, oral negotiations between parties, nor act in any judicial capacity to determine the legal effect of any such pro-

ceedings. The record fails to disclose any communication or statement of any kind from the Conns on the subject of personal injuries or damages to be paid therefor.

In paragraph 3 of the petition the plaintiff alleged that he agreed to pay the medical expenses resulting from injuries alleged to have occurred to Louise Conn and that the Conns agreed to release him from all liability in consideration of this promise. This was alleged to have occurred on February 26, 1954. The release from the property damages was dated March 11, 1954. The record is silent as to what, if anything, was done about the personal injuries on the latter date, but it is clear no settlement was arrived at after that date and no release for personal injuries was executed, delivered, and filed with the department.

The only provisions of the statutes pertaining to payments in the future are those found in parts (c) and (d), subdivision (4), of section 60-510, R. R. S. 1943. Plaintiff makes no contention that he falls within these categories. Parts (c) and (d), subdivision (4), of section 60-510, R. R. S. 1943, specifically require written instruments and agreements by the parties.

As there is no valid release on file with the department relating to personal injuries alleged to have been received by Louise Conn, then plaintiff has failed to qualify under any of the exceptions provided by statute. Therefore, it must be held that the department acted properly in suspending plaintiff's driving privileges.

The plaintiff, being dissatisfied with the order of the department, could have resorted to section 60-503, R. R. S. 1943, which in part provides as follows: "Any person aggrieved by an order or act of the department, under the provisions of sections 60-501 to 60-569, may, within ten days after notice thereof, file a petition in the district court of the county where the aggrieved person resides * * * for a review thereof; * * *." See Hadden v. Aitken, *supra*.

We conclude that the trial court did not err in sustaining the defendants' demurrer to the plaintiff's amended petition, and the judgment of the trial court should be and is hereby affirmed.

AFFIRMED.