**Raymond T. HAITH, Appellant,**

**v.**

**COMMISSIONERS OF THE DISTRICT OF COLUMBIA et al., Appellees.**

**No. 2033.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 16, 1957.

Decided Oct. 23, 1957.

Raymond T. Haith, appellant, pro se.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The Motor Vehicle Safety Responsibility Act of the District of Columbia [1] requires the filing of a written report by the driver of an automobile involved in an accident in the District which results in property damage in excess of $100 or bodily injury.[2] He must indicate, among other things, the approximate cost of repair for both vehicles and whether he or the owner of the car which he was driving had in effect a policy of automobile liability insurance which would cover the accident. In the event that a driver is not protected by such a policy, he is required to post security in an amount determined by the Commissioners to be sufficient to satisfy any judgment for damages resulting from such accident which may be recovered against him.[3] If anyone required to post security fails to do so, the Act directs that

" * * * the Commissioners shall thereupon suspend—

"(1) the license of each driver in any manner involved in the accident;

* * * * * *

"Such suspensions shall be made in respect to persons not otherwise exempt under this chapter who are required by the Commissioners to deposit security and who fail to deposit such security, except as otherwise provided under this chapter." [4]

A person may be relieved of this requirement if he (1) obtains a release from liability from the other person; [5] (2) files proof of an adjudication in his favor; [6] or (3) files proof of a settlement agreement between the parties involved.[7] ▆▆▆ Appellant Haith was the driver of an automobile owned by Mitchell Moss which was involved in an accident with a car driven by Phyllis Turner and owned by Leon Long. Both drivers filed the required reports which showed that Moss's damages amounted to $373.11 and Long's damages amounted to $200. The car driven by Turner was insured but the one driven by appellant was not. Consequently he was instructed to deposit $200 as security. Appellant did not post this sum, nor did he fulfill any of the other specified requirements [8] in order to be exempt from suspension. Upon receiving notice of suspension, he filed an appeal with the Commissioners alleging that Long's insurance carrier had paid him for the damage to the vehicle that he was operating; that he executed a release to Long and Turner for any claims he might have against them; that he was unable to locate Long in order to obtain a release from him, and therefore in his opinion he had satisfied the requirements of the Act. The Commissioners approved the order of suspension and we granted his application for the allowance of an appeal.[9]

In his brief appellant claims that Long would not give him a release unless he was paid $200 for his damages. Appellant's argument is that Long's insurer would not have compensated him for his damages unless he was free from liability, and consequently he should not have to post the security because Long could not recover against him. This position is untenable, however, in the face of the unequivocal statutory language requiring deposit of security or compliance with the other three stated methods in order to avoid suspension. Appellant admittedly has done none of these and the Commissioners are not vested with any discretion to consider other circumstances.[10] They cannot inquire into the question of liability or probable

1. Code 1951, 40-417 et seq. (Supp. V).
2. Code 1951, 40-426 (Supp. V).
3. Code 1951, 40-433(a) (Supp. V).
4. Code 1951, 40-437 (Supp. V).
5. Code 1951, 40-438 (Supp. V).
6. Code 1951, 40-439 (Supp. V).
7. Code 1951, 40-440 (Supp. V).

8. Footnotes 5, 6, and 7.
9. Code 1951, 40-420 (Supp. V).
10. Montgomery v. Blazek, 1955, 161 Neb. 349, 73 N.W.2d 402, 406; cf. Larr v. Dignan, 1947, 317 Mich. 121, 26 N.W.2d 872, 874.

liability. If there is no compliance with the Act, they have no choice but to follow the statutory mandate and order suspension. It may be that Congress should give them some discretion to waive the deposit of security under circumstances which would indicate conclusively nonliability or, as is alleged here, possible extortion, but this court cannot, where the law is clear and unambiguous, undertake to change it, even though in certain cases it might seem harsh.

Because appellant has prosecuted this appeal without benefit of counsel, we have searched the record but have found no circumstance in this case which would relieve him from the provisions of the statute, nor any instance in which the Commissioners acted in excess of their statutory authority.

Affirmed.