Maria E. LLAMAS, individually, George Gilmore, individually, and Virginia I. Duer, individually and on behalf of all others similarly situated, Plaintiffs,

v.

DEPARTMENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES, and James L. Karns, Commissioner, Defendants.

Civ. A. No. 68-C-154.

United States District Court,
E. D. Wisconsin.

Jan. 3, 1969.

Lawrence J. Bugge, Maurice J. McSweeney, Foley, Sammond & Lardner, Milwaukee, Wis., for plaintiffs; Bettie McJunkin, Law Reform Co-ordinator, Milwaukee Plan Legal Services, Milwaukee, Wis., of counsel.

Robert D. Martinson, Asst. Atty. Gen., Madison, Wis., for defendants.

Before DUFFY, Senior Circuit Judge, and REYNOLDS and GORDON, District Judges.

DUFFY, Senior Circuit Judge.

The complaint herein challenges the constitutionality of Sections 344.13 and 344.14 of the Wisconsin Statutes. The basis of the alleged invalidity is the claim that the state statutes deprive

plaintiffs of due process and of equal protection of the law under the Fourteenth Amendment to the Federal Constitution. This statute is a portion of the Financial Responsibility Law of Wisconsin, although the plaintiffs, in their briefs, choose to designate it "The Past Security Law."

The three individuals who are plaintiffs herein have had their Wisconsin automobile drivers' licenses suspended because they were involved in accidents on Wisconsin highways. Plaintiffs claim that in each case there was no evidence in the police accident report to suggest that the accidents were caused in whole or in part by the negligence of the plaintiff involved.

Pursuant to Section 344.13, Wisconsin Statutes, the Motor Vehicle commissioner of Wisconsin was required to determine with respect to each of the accidents "* * * the amount of security which is sufficient in his judgment to satisfy any judgment for damages resulting from such accident which may be recovered against each operator and owner of the vehicles involved in such accident. * * *"

Section 344.13(2) provides: "The commissioner shall determine the amount of security required to be deposited by each person on the basis of the accident reports or other information submitted." The statute also provides the determination of the amount of the security must be "without regard to the fault of the persons involved * * *."

The statutes here involved do not apply to a motorist who is carrying automobile liability insurance at the time of the accident.

The amount of the security fixed for Maria E. Llamas was $620.00; for plaintiff George Gilmore, $3,300, and for plaintiff Virginia I. Duer, $1,765.00. There is no claim in this case that the amounts thus set were unreasonable or that the Motor Vehicle commissioner did other than follow the Wisconsin Stat-

utes. However, each of the plaintiffs does claim that he or she was and is unable to provide the security and, as a result thereof, their respective operating privileges were suspended.

The claim of unconstitutionality of the statutes hereinbefore noted has been decided adversely to plaintiffs' contentions by the Supreme Court of Wisconsin in State v. Stehlek (1953), 262 Wis. 642, 56 N.W.2d 514. Similar holdings have been made by state courts of last resort in practically all of the states where their safety liability statutes have been tested on constitutional grounds.[1]

We shall first consider plaintiffs' claim of failure of due process. In *Stehlek*, the Wisconsin Supreme Court cited and quoted from Escobedo v. State Department of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1: " 'Suspension of the license without prior hearing but subject to subsequent judicial review did not violate due process if reasonably justified by a compelling public interest.' " The "compelling public interest" as set forth in *Stehlek* was the practical impossibility of a hearing prior to suspension.

■ Under the Wisconsin statute here under attack, the commissioner requires that security be posted in an amount sufficient to cover potential damages. True, due process typically requires that a person potentially affected by government action should be granted an opportunity to be heard prior to any action being taken. However, there are many exceptions to such a requirement. There are many instances where the assets of a person may be seized prior to a determination of his liability such as in attachment and replevin proceedings.

Wisconsin does have a statutory provision for a hearing after the commissioner has acted. Section 344.03, Wisconsin Statutes, provides that any person aggrieved by any action of the commissioner pursuant to the provisions of Chapter 344 may, after ten days' notice, file a petition in the circuit court of

1. See 7 Am.Jur.2nd, Automobile and Highway Traffic, Sec. 138.

Dane county for a review. That court is directed to summarily hear any such petition.[2]

■ In our view, the plaintiffs in this case were not deprived of due process of law by reason of the action of the commissioner in fixing the respective securities as hereinbefore described. We so hold.

The second question to be resolved is the claim of each of the plaintiffs that he or she, by the actions of the commissioner, was deprived of the equal protection of the laws. The statute singles out those uninsured motorists who have been involved in a collision in which damages resulted. The plaintiffs contend that this law unfairly discriminates against those uninsured drivers who are involved in an accident. Plaintiffs argue, in effect, that equal protection requires that somehow, among those who have had an accident, the negligent must be separated from the non-negligent.

■ Equal protection demands that the legislature establish a reasonable and rational classification. Morey v. Doud, 354 U.S. 457, 465–466, 77 S.Ct. 1344, 1 L.Ed.2d 1485. "The courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose * * *." McLaughlin v. Florida, 379 U.S. 184, 191, 85 S.Ct. 283, 288, 13 L. Ed.2d 222.

It is obvious that those drivers who are involved in an accident are potentially liable for damages, distinguishing them from those drivers who have not been so involved. The real contention must be that the legislature has not gone far enough, that is, that the negligent must be separated from the nonnegligent.

The legislature may well have considered the number of auto accidents which occur on Wisconsin highways each year and the large number of hearings that would be required to make such a determination. In many instances, such a hearing might necessarily assume the aspects of a trial on the question of negligence, and a hearing might extend over several days. The legislature had a right to consider that such hearings would not only be time-consuming, but that the cost thereof would be exceedingly large. Further, they may have thought it unwise to empower the commissioner to make such a determination without a hearing.

It is important to bear in mind that the legislature has some leeway. "The problems of government are practical ones and may justify, if they do not require, rough accommodations,—illogical, it may be, and unscientific. * * * What is best is not always discernible; the wisdom of any choice may be disputed or condemned." Metropolis Theatre Co. v. Chicago, 228 U.S. 61, 69–70, 33 S. Ct. 441, 57 L.Ed. 730. "The 'rough accommodations' made by government do not violate the Equal Protection Clause of the Fourteenth Amendment unless the lines drawn are 'hostile or invidious'". Norvell v. Illinois, 373 U.S. 420, 424, 83 S.Ct. 1366, 1369, 10 L.Ed.2d 456. We hold that the statutes under consideration are neither hostile nor invidious.

Plaintiffs contend that the statute is invalid because the threat of suspension of driving rights has no relation to the purpose—obtaining the security. On the contrary, we think it oftentimes would be effective. Undoubtedly, the suspension of a motorist's license may result in financial damage to the motorist, but the legislature was entitled to weigh that result against the value of obtaining the security in many cases.

■ Plaintiffs argue the statute assumes that every uninsured motorist involved in an accident is liable for the resulting damage. This is not accurate,

---

2. However, the Wisconsin Supreme Court has interpreted this review to be very limited. The only questions open to such judicial review are the amount of the bond required or the availability of statutory exceptions; the issues of fault and potential liability for damages may not be considered. Burk v. Commissioner of Motor Vehicles, 8 Wis.2d 620, 99 N.W.2d 726 (1959).

however. The statute assumes only that such a motorist *may* be liable.

Plaintiffs contend the requirement to post security discriminates against those who are unable to furnish such security. Ability to pay should not be confused with opportunity to pay.

We hold that the Wisconsin legislature made a reasonable classification in enacting the laws hereinbefore described. We further hold that none of the plaintiffs was thereby deprived of the equal protection of the laws.

We are not unmindful of the hardship that these statutes may have caused to the plaintiffs in this case. We approve the statement made by the Supreme Court of Michigan in Larr v. Secretary of State, 317 Mich. 121, 26 N.W.2d 872: "The Secretary of State has no authority to pass upon the question of negligence or freedom from negligence. He has no discretion, but is obliged to act as the law provides. If the penalty is harsh as to innocent parties, the relief sought must come from the legislative branch of our government."

Judgment will be entered dismissing the complaint of the plaintiffs herein.