THOMAS W. ELSON ET AL., APPELLANTS, V. MARY HARBERT ET AL., APPELLEES.

208 N. W. 2d 703

Filed June 29, 1973. No. 38851.

Thomas A. Wagoner, for appellants.

Cunningham Law Office, for appellee Conroy.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This action originated as an appeal to the District Court for Frontier County, Nebraska, from the action under section 79-403, R. R. S. 1943, of the freeholders' boards of Frontier and Red Willow Counties, Nebraska, upon the petition of a landowner, setting off certain land from one school district and attaching it to another. The District Court sustained a demurrer to the petition on appeal on the ground that the court had no jurisdiction of the matter and then dismissed the appeal. The plaintiffs appeal to this court. We reverse.

The question presented here is whether or not the record sufficiently shows compliance by the plaintiffs with the provisions of section 23-135, R. R. S. 1943, which governs such appeals and which provides, among other things, that the appeal is made "by causing a written notice to be served on the county clerk, within twenty days after making such decision."

The order of dismissal does not recite the grounds upon which the District Court concluded that it did not have jurisdiction. However, the parties on this appeal have joined issue on whether or not the provisions of the statute just quoted have been complied with.

In the record before us and in that which was before the District Court appears the certified transcript of the proceedings before the freeholders' boards, which transcript is certified by Louis M. Hovey, county clerk of Frontier County. That transcript does not include a notice of appeal nor any proof of service of such notice on the county clerk. However, the record before us does disclose that the filings in this case in the District Court for Frontier County include: (1) The appeal

bond required by section 23-135, R. R. S. 1943. (2) A notice of appeal directed to the county clerk of Frontier County, Nebraska. This instrument carries no proof of service upon the officer to whom it is directed either by acknowledgment of the officer of receipt of a written copy of the notice, or by affidavit of service. (3) Request for transcript of the freeholders' proceedings directed to the county clerk of Frontier County. All three instruments bear the completed filing stamp of Louis M. Hovey, clerk of the District Court, showing that the instruments were filed in that office on February 28, 1972, at 11 o'clock a.m., and all include the signature of Louis M. Hovey as clerk of the District Court. Item (3) above, the request for transcript, but not items (1) and (2), has the completed filing stamp of the county clerk of Frontier County, showing the same date and hour of filing and the signature of Louis M. Hovey as county clerk of Frontier County.

Section 23-135, R. R. S. 1943, does not describe the form of notice of appeal; nor the exact manner of service of the written notice; nor prescribe any particular method of proving service. It would seem clear, however, that in counties where the office of county clerk and the clerk of the District Court are held by two different persons the appearance in the case records in the office of the clerk of the District Court of a notice of appeal directed to the county clerk of the same county would be no proof at all that such notice was ever served in writing on the county clerk.

In this case we take judicial notice that Frontier County is a county of less than 7,000 people and that section 32-307, R. R. S. 1943, is applicable, and that therefore the person who holds the office of county clerk is ex officio clerk of the District Court. On the issue of judicial notice, see, Ludwig v. Board of County Commissioners, 170 Neb. 600, 103 N. W. 2d 838; Armstrong v. Board of Supervisors, 153 Neb. 858, 46 N. W. 2d 602.

In the case before us the county clerk is ex officio

clerk of the District Court and the filings and certificates clearly show that they are one and the same person.

We hold that in counties where, by virtue of the provisions of section 32-307, R. R. S. 1943, a person who holds the position of county clerk is ex officio clerk of the District Court, service of notice upon the county clerk of intention to appeal from proceedings before a freeholders' board under section 79-403, R. R. S. 1943, will be deemed to have been sufficiently proved and shown, notwithstanding absence of proof by attached acknowledgment of service, affidavit of service, or other means, where an appropriate notice directed to the county clerk in the proper county appears in the proper case file in the District Court, and where the notice in that file bears the completed filing stamp, showing date and time of filing, and the signature as ex officio clerk of the District Court of the person who holds both offices. The purposes of section 23-135, R. R. S. 1943, are satisfied here because the record shows that the actual notice in writing of the intention to appeal came to the attention of the proper person in his official capacity. In State v. Odd Fellows Hall Assn., 123 Neb. 440, 445, 243 N. W. 616, in a somewhat similar situation, we held that the purposes of the statute were satisfied.

Reiber v. Harris, 179 Neb. 582, 139 N. W. 2d 353, which is relied upon by the appellee Conroy, is clearly distinguishable. In that case there was no proof of any kind that the appeal bond which appeared in the court file had been furnished to the county clerk within the time required and that it had been approved by him. In addition in that case, the county involved was one in which the two offices are held by different persons.

Questions of the nature here presented need never occur if counsel will cause proof of service by acknowledgment of receipt or affidavit of service to appear in the record. This is not such a case as Harte v. Gallagher, 186 Neb. 141, 181 N. W. 2d 251; or Liljehorn v. Fyfe, 178 Neb. 532, 134 N. W. 2d 230; where we held that the

failure of a public officer to perform acts imposed upon him by law cannot be charged to the litigant nor operate to defeat the appeal. In the case at hand there is no duty on the officer to show the service of notice upon him. This was, under the statute in question, the duty of the litigant. What we hold here is simply that the records prove service of notice of appeal in this case.

REVERSED AND REMANDED.