REQUESTED BY: William J. Edwards, Deputy Director, Department of Motor Vehicles.
Must all persons entering into a written agreement pursuant to section 60-510, R.R.S. 1943, sign the agreement?
Yes.
You have requested an opinion from this office concerning the form of agreement that is required under section60-510, regarding the requirements for security under the Safety Responsibility Act. In general, the Act provides for the suspension of the driving privileges of an individual who cannot provide proof of financial responsibility for damages resulting from an automobile accident. More specifically, section 60-510 provides in pertinent part:
 "The requirements as to security, proof, and suspension in sections 60-507 and 60-511 shall not apply: . . .
 "(4) If, prior to the date that the department would otherwise suspend license and registration or nonresident's operating privilege under sections 60-507 and 60-511, there shall be filed with the department evidence satisfactory to it that the person, who would otherwise have to file security and proof, has . . . (d) executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident."
You have inquired in particular whether all persons entering such an agreement must sign the agreement. Black's Law Dictionary defines `agreement' as:
 "The act of two or more persons, who unite in expressing a mutual and common purpose, with the view of altering their rights and obligations."
Unless the written agreement is signed by all parties involved, the Department of Motor Vehicles is virtually powerless to determine the intent of the parties.
Under the Safety Responsibility Act exceptions are made to the suspension provisions if the operator or owner of an automobile can show proof of financial responsibility in the manner prescribed. The exceptions apply if, before licenses are suspended, there shall be filed with the Department evidencesatisfactory to it that the person involved has `executed a duly acknowledged written agreement providing for the payment of an agreed amount in installments, with respect to all claims for injuries or damages resulting from the accident.' Part (d), subdivision (4), of section 60-510
specifically requires a written instrument and agreement by the parties. Montgomery v. Blazek, 161 Neb. 349,73 N.W.2d 402 (1955). Further, the Court in Montgomery,
stated that:
 ". . . Certainly, the department is not required or permitted to inquire into outside, oral negotiations between parties, nor act in any judicial capacity to determine the legal effect of any such proceedings. . . ."
Therefore, it is our opinion that the written agreements referred to in section 60-510 must be signed by all parties entering into said agreement. Further, the language, `evidence satisfactory to it', gives the Department a certain amount of discretion in determining that the agreement which is filed is `duly acknowledged' and in proper form.